IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



| | § |
|---|---|
| MATTHEW PHILLIPS, | § |
| TDCJ-CID No. 00644019, | § |
| | § |
| Plaintiff, | § |
| | § 2:21-CV-089-Z-BR |
| v. | § |
| | § |
| GREGG ABBOTT [sic], et al., | § |

## MEMORANDUM OPINION AND ORDER

Matthew Phillips, a Texas inmate appearing *pro se*, sues various Defendants under 42 U.S.C. § 1983. Plaintiff is confined in the Clements Unit of Texas Department of Criminal Justice ("TDCJ") in Amarillo, Texas. Plaintiff has not filed an application to proceed *in forma pauperis*, nor has he paid the $402.00 filing fee. While incarcerated, Plaintiff has filed at least three prior civil actions that were dismissed as frivolous or for failure to state a claim. Plaintiff has not shown that at the time of the filing of this lawsuit, he was "under imminent danger of serious physical injury." Therefore, the Court **DISMISSES** this action as barred by the three-strike provision of 28 U.S.C. § 1915(g).

### PLAINTIFF'S ALLEGATIONS

Plaintiff — self-styled "King of the [J]ews" — seeks injunctive relief and release from custody, asking the Court to "seize control of the State [of Texas]" as Plaintiff is the "sole heir" of the State and entitled to compensation. ECF No. 3 at 1–3.

The PLRA — enacted on April 26, 1996 — amended 28 U.S.C. § 1915 as it relates to federal civil actions filed by prisoners. Among the changes effected by the PLRA was the inclusion of 28 U.S.C. § 1915(g), also known as the "three-strike" provision. Section 1915(g) precludes a prisoner from bringing a civil action *in forma pauperis* if on three or more prior occasions, he filed

civil actions or appeals in federal court which were dismissed, either by a district court or appellate court, as being frivolous, malicious, or for failing to state a claim. *See Jackson v. Johnson*, 475 F.3d 261, 265 (5th Cir. 2007). When a district court dismisses a case as frivolous or for failure to state a claim, such a dismissal counts as a "strike" under Section 1915(g) once the judgment becomes final. *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). A district court's dismissal is final when the prisoner exhausts avenues of appeal or waives any appellate rights. *Id.*

A prisoner is barred from proceeding *in forma pauperis* if he is subject to the "three-strike" provision "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998). The complaint must present a claim that the plaintiff is in danger of imminent serious physical injury to overcome the bar. *See Carson v. Johnson*, 112 F.3d 818, 822–23 (5th Cir. 1997). In applying the "three-strike" provision of Section 1915(g), a court may consider case dispositions that occurred prior to the effective date of the PLRA. *See Adepegba*, 103 F.3d at 387–88. A review of the Public Access to Court Electronic Records ("PACER") and the Sanction Database reflects that Plaintiff has had at least three prior actions dismissed with prejudice as frivolous or for failure to state a claim.[1] Plaintiff is thus barred from proceeding *in forma pauperis*.[2]

For the above reasons, the Court **DISMISSES** Plaintiff's Complaint as barred by the Section 1915(g)'s three-strike provision. This dismissal is without prejudice to Plaintiff's right to reopen the case if he pays the $402.00 filing and administrative fees and files a motion to reopen within 30 days of the date of final judgment.

---

[1] No. 2:08-CV-0225 (N.D. Tex. 2008) (dismissed as frivolous and for failure to state a claim — no appeal taken); No. 2:09-CV-0118 (N.D. Tex. 2009) (dismissed as frivolous and for failure to state a claim — no appeal taken); No. 2:11-CV-0231 (N.D. Tex. 2012) (dismissed for failure to state a claim — no appeal taken).

[2] Notably, Plaintiff did not even attempt to seek *in forma pauperis* status for this filing. Plaintiff also fails to meet the very limited exception that he was under imminent danger of serious physical injury at the time he filed this lawsuit.

**SO ORDERED.**

September 28, 2022

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE